Judge Bucknek,
delivered the opinion of the court.
Hardin having sold a tract of land to Shaw, conveyed the same, by deed, bearing dale in 1822; retaining, by the stipulations of the deed, a lien on the land for the payment of $240; part of the purchase money; for which Shaw executed his note, payable four months after date. The bond becoming due, Hardin filed his bill against Shaw, insisting upon the lien, and praying for a decree enforcing it.
Shaw having failed to answer the bill; Lash filed his petition, alleging that Shaw'had sold the land to Nancy Anderson, who had thereafter intermarried with Jordan Lacy; that Lacy had sold it to Grace, and lie to the petitioner. He states, that the note for $240, had been discharged, and delivered to the obligor; and that Hardin and Shaw were endeavoring, by a fraudulent combination, to procure a decree, subjecting the land to the payment of money, to which Hardinhad nota just claim. He prays to beadmitted as a party, which was ordered accordingly. Hardin, thereupon, amended his bill, making Lash a defendant; who answered, setting forth, in substance, the allegations contained in his petition; praying that his answer might be taken as a cross bill against Hardin and Shaw; whom he calls upon to answer; and that a decree might be entered, compelling Hardin to relinquish his lien, &c.
Hardin having failed to answer the cross bill, it was taken as confessed against him, at the May term 1830.
When the statements of an answer iQ nature of a cross-bill, if true, entitle the defendant to relief, and the complainant fails <o answer <he-n, it is error for the eourt, in. snaking Its decree, to disregard the statements of the cioss-hill
fflorehead, for plaintiff; Crittenden, for defendant.
At the August term 1830, Shaw having failed to answer Hardin’s bill, it was taken ás confessed against him; and the order taking Lash’s cross bill as confessed, was set aside. The circuit court then entered a decree, directing that the land, or so much of it as was necessary, should be sold to satisfy Hardin’s claim, &c. To reverse it, Lash prosecutes this writ of error.
The decree is erroneous. If the statements ofLash, in his answer, in the nature of a cross bill, be true?, he was entitled to relief. Why the court set aside the order taking its allegations as confessed, does not appear. It was certainly improper to render the decree, which was made, disregarding the unanswered* allegations of the cross bill'.
■ It must be reversed, and the cause remanded, with directions for further proceeding to be had, not inconsistent with this opinion.